**Joel BROWN, Plaintiff–Appellant,**

v.

**PARKCHESTER SOUTH CONDOMINIUMS, Defendant–Appellee.**

**Docket No. 01–7790.**

United States Court of Appeals, Second Circuit.

Argued: March 15, 2002.

Decided: April 12, 2002.

---

Joel E. Brown, pro se, Washingtonville, NY, for Plaintiff–Appellant.

James F. Berg, New York, NY, for Defendant–Appellee.

Before: LEVAL and SOTOMAYOR, Circuit Judges, and RAGGI, District Judge.*

SOTOMAYOR, Circuit Judge.

Plaintiff-appellant Joel Brown, *pro se,* appeals from a judgment dismissing his action brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.,* and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101–213. Brown filed suit against Parkchester South Condominiums ("Parkchester"), his former employer.

In his complaint, Brown claimed that he had been improperly terminated from his position as a security guard at Parkchester. Thereafter, in the district court, Parkchester moved for dismissal pursuant to Fed.R.Civ.P. 12(b)(6) based on Brown's

---

\* The Honorable Reena Raggi, United States District Judge for the Eastern District of New York, sitting by designation.

failure to file his complaint within 90 days of receipt of a right to sue letter from the Equal Employment Opportunity Commission. In response, Brown argued that his medical condition prevented him from timely filing his complaint because he was unable to complete complex tasks. The district court (Knapp, J.) granted the motion, concluding that equitable tolling of the limitations period was not warranted because there had been no showing that Brown's medical condition rendered him incapable of complying with the deadline.

 We review the dismissal of the complaint *de novo*. *See United States v. New York Medical College*, 252 F.3d 118, 120 (2d Cir.2001). Equitable tolling principles have been applied where the plaintiff "actively pursued judicial remedies" but filed a defective pleading during the specified time period. *See South v. Saab Cars USA, Inc.*, 28 F.3d 9, 11–12 (2d Cir.1994). The issue of whether a mental disability warrants equitable tolling of a filing deadline requires a "highly case-specific" inquiry. *See Boos v. Runyon*, 201 F.3d 178, 184 (2d Cir.2000) (citing *Canales v. Sullivan*, 936 F.2d 755 (2d Cir.1991) (holding that Social Security claimant who averred that mental disability prevented her from timely pursuing her federal claim had presented sufficient evidence to warrant a remand to district court for a determination as to whether equitable tolling was warranted)).

 Although Brown did prepare and serve a summons on Parkchester in a timely fashion, there is evidence that his medical condition may have precluded him from appreciating that he had failed to attach a copy of the complaint to the summons. Certain mental and medical conditions, Brown argues, hinder him from following through on complex tasks. Although "a plaintiff's failure to act diligently is not a reason to invoke equitable tolling," *Saab Cars USA*, 28 F.3d at 12, equitable tolling may be appropriate where the plaintiff's failure to comply with the statute of limitations is attributable to the plaintiff's medical condition. We recognize that drawing these distinctions can be difficult as "mental illnesses are as varied as physical illnesses, which is why our Circuit adheres to a case-specific approach," *Boos*, 201 F.3d at 185. *Compare Canales*, 936 F.2d at 759 ("Where a claimant avers incapacity due to mental impairment during the [limitations] period, the district court should permit the claimant to present evidence in support of this claim. If the claimant proves that she was incapacitated for any length of time during the [relevant] period, then the district court can determine whether, considering all of the circumstances of the case, equitable tolling is warranted."); *with Boos*, 201 F.3d at 185 (denying equitable tolling, rejecting plaintiff's "conclusory and vague claim, without a particularized description of how her condition adversely affected her capacity to function generally or in relationship to the pursuit of her rights").

Upon the defendant's showing in support of its motion that the complaint was not timely filed, the burden fell on plaintiff to show the existence of a genuine issue of material fact that might excuse the tardy filing. *See* Fed.R.Civ.P. 56(c). Based on the limited record presented to the district court, it appears there may be substance to Brown's claim. Although the documentation of Brown's medical condition refers to his health during a time period following the expiration of the filing deadline, the documented period was sufficiently close in time to raise a reasonable inference as to his condition at the pertinent time. We therefore find that an evidentiary hearing is appropriate to determine to what extent, if any, Brown's condition did in fact inhibit

his understanding or otherwise impair his ability to comply, such that equitable tolling would be in order. It could be helpful in such a hearing if Brown were to secure a more extensive medical history or medical expert testimony pertaining to the period leading up to the date on which filing was required.

Brown has averred that his medical condition has had a continuing and worsening effect on his mental state. This condition may hinder him from performing the process of collecting the necessary medical evidence. We leave it to the discretion of the district court to consider appointing counsel to assist in this endeavor.

Accordingly, the judgment of the district court dismissing the action is hereby VACATED and the matter REMANDED for an evidentiary hearing as to whether Brown's medical condition warrants equitable tolling of the applicable filing deadline.