**LI–LAN TSAI, Plaintiff–Appellant,**

v.

**The ROCKEFELLER UNIVERSITY, Defendant–Appellee.**

**Docket No. 02–7253.**

United States Court of Appeals, Second Circuit.

Sept. 12, 2002.

Li–Lan Tsai, pro se, Forest Hills, NY, for Appellant.

Carole O'Blenes, Proskauer Rose, (Karen Stefflre, of counsel), New York, NY, for Appellee.

Present WINTER, SACK, and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

Plaintiff–Appellant Li–Lan Tsai, *pro se,* appeals from the judgment of the United States District Court for the Southern District of New York (Shira A. Scheindlin, *Judge* ) granting the Fed.R.Civ.P. 56 motion for summary judgment of The Rockefeller University ("The University"), and dismissing Tsai's complaint, which raised claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.,* and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112–12117. Tsai was terminated on November 20, 1996, but did not file a charge with the Equal Employment Opportunity Commission ("EEOC") until October 14, 1999. In district court, Tsai alleged that she had not timely filed her EEOC charge because she suffered from physical and mental disabilities, and because an EEOC representative had erroneously informed her in 1997 that she had three years in which to file a lawsuit.

The district court concluded that Tsai had not shown that her disabilities prevented her from timely filing a charge with the EEOC because she was able to exercise various other legal rights during the 300–day time period. The court also noted that Tsai's statement that she would have timely filed a charge, had she known of the limitations period, contradicted her claim that she was unable to file a charge due to her disabilities. The court held that there was no evidence to warrant equitable tolling based on the alleged misinformation provided by the EEOC. On appeal, Tsai reiterates the claims she raised in the district court.

We review a district court's grant of summary judgment *de novo,* focusing on whether the district court properly concluded that the moving party was entitled to judgment as a matter of law. *Allstate Ins. Co. v. Mazzola,* 175 F.3d 255, 258 (2d Cir.1999). To pursue a claim under Title VII or the ADA in federal court in New York, the individual alleging discrimination must first assert those claims with the EEOC or the equivalent state agency within 300 days of the allegedly discriminatory action. 42 U.S.C. § 2000e–5(e); 42 U.S.C. § 12117(a); *Harris v. City of New York,* 186 F.3d 243, 247–48 (2d Cir.1999). This requirement is not jurisdictional, but, like statutes of limitations, is subject to "waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). When a plaintiff's medical condition, which includes a mental disability, prevents her from complying with the statute of limitations, equitable tolling may be invoked. *See Brown v. Parkchester S. Condos.,* 287 F.3d 58, 60 (2d Cir.2002). For the reasons stated by the district court, however, we find that Tsai's disabilities did not warrant equitable tolling in this instance.

We have noted that it is "questionable" whether the EEOC's actions can be a basis for equitable tolling where the EEOC is not a defendant. *Vernon v. Cassadaga Valley Cent. Sch. Dist.,* 49 F.3d 886, 891 (2d Cir.1995). Tsai has not provided any evidence, such as the name of the representative or the date on which she spoke with the representative, to corroborate her assertion that an EEOC representative gave her erroneous information. *See Johnson v. Al Tech Specialties Steel Corp.,* 731 F.2d 143, 146 (2d Cir.1984). Moreover, there is no evidence that the EEOC engaged in any affirmative misconduct.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.