**Minette ALAIMO, Susan Alaimo, and Vincent Alaimo, Plaintiffs,**

v.

**The BOARD OF EDUCATION OF THE TRI–VALLEY CENTRAL SCHOOL DISTRICT, Defendant.**

No. 06 Civ. 13593(SCR)(GAY).

United States District Court,
S.D. New York.

July 6, 2009.

Minette Alaimo, Ferndale, NY, pro se.

Susan Alaimo, Ferndale, NY, pro se.

Vincent Alaimo, Ferndale, NY, pro se.

Beth A. Bourassa, John J. Henry, Whiteman Osterman & Hanna L.L.P., Albany, NY, for Defendant.

## MEMORANDUM ORDER ADOPTING REPORT AND RECOMMENDATION

STEPHEN C. ROBINSON, District Judge.

In this lawsuit, Susan Alaimo, Vincent Alaimo, and their daughter, Minette (collectively, the Alaimos), claim that the Board of Education of the Tri–Valley Central School District violated numerous constitutional guarantees, actionable under 42 U.S.C. § 1983, and violated the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1401 *et seq.* and various New York state laws. These claims arise from Minette Alaimo's attendance in the Tri–Valley Central School District for several years, ending in June 1998. This case was referred to Magistrate Judge George Yanthis to issue a Report and Recommendation on the defendant's motion for summary judgment.

Magistrate Judge Yanthis issued the Report and Recommendation on January 17, 2008, advising this Court to grant summary judgment in favor of the defendant, finding that the Alaimos failed to exhaust their administrative remedies and that the claims were time-barred. As Judge Yanthis explicitly noted at the end of the Report and Recommendation, under 28 U.S.C. § 636(b)(1) and Rules 72(b) and 6(d) of the Federal Rules of Civil Procedure, the parties had a right to file written objections to the Report and Recommendation within thirteen working days from January 17, 2008. Following extensions granted by this Court, the Alaimos filed objections to the Report and Recommendation on March 3, 2008, to which the school district responded on March 18, 2008.

## I. STANDARD OF REVIEW

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept a Report and Recommendation to which no timely, actionable objection has been made, a district court need only satisfy itself that "there is no clear error on the face of the record." *Nelson v. Smith*, 618 F.Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted); *accord Edwards v. Fischer*, 414 F.Supp.2d 342, 346–47 (S.D.N.Y.2006); *see also Pizarro v. Bartlett*, 776 F.Supp. 815, 817 (S.D.N.Y.1991) (court may accept report if it is "not facially erroneous"). When specific objections are made, "the district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir.1997). "Objections to a Report and Recommendation 'are to be specific and are to address only those portions of the proposed findings to which the party objects.'" *Id.* (citing *Camardo v. General Motors Hourly–Rate Employees Pension Plan*, 806 F.Supp. 380, 381–82 (W.D.N.Y. 1992)). However, when a party makes conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error. *Renelique v. Doe*, No. 99 Civ. 10425, 2003 WL 23023771, at *1 (S.D.N.Y. Dec. 29, 2003) (collecting cases).

## II. DISCUSSION

### a. Objections to the Report and Recommendation

Judge Yanthis found two bases upon which the school district was entitled to summary judgment: failure to exhaust administrative remedies and the applicable statute of limitations. The Alaimos have posed valid objections to Judge Yanthis' recommendations that the Complaint be dismissed, and, therefore, the Court considers both of these issues *de novo*.

### i. Failure to Exhaust Administrative Remedies

The Alaimos contend that their failure to exhaust administrative remedies under the IDEA is excused because they were told, purportedly by school district representatives, that remedial measures were not available. *See* Response to Report and Recommendation ("Objections") (Docket Entry 25), p. 15.[1] Alternatively,

---

1. According to the Alaimos, their impression that they had exhausted their administrative remedies "was due to being misguided, misrepresented, and fraudulently and or willingly bamboozled into believing that Supt. George Vanderzell, Counselor Mrs. Harries, and Principal Ken Sherman advising plaintiffs that they took care of everything and it as decided by the Board, to which they would not let us attend the what they referred to as 'a closed

the Alaimos briefly argue that any pursuit of administrative remedies would have been futile. *Id.* at 16 ("The futility of the handling of this situation was passed along from Supt. George Vanderzell, Counselor Mrs. Harries, and Principal Ken Sherman."). However, the Alaimos present no evidence of either the defendant's attempts to dissuade the Alaimos' pursuit of administrative remedies or the futility of doing so. The party seeking to avoid the exhaustion requirement has the burden of demonstrating futility. *Polera v. Board of Educ. of Newburgh Enlarged City Sch. Dist.*, 288 F.3d 478, 489 n. 8 (2d Cir.2002). At the summary judgment stage, failure to substantiate bare allegations is fatal. Consequently, the Court adopts Judge Yanthis' recommendation that the Alaimos' IDEA claim be dismissed for failure to exhaust administrative remedies.

### ii. Statute of Limitations

■ Objecting to Judge Yanthis' conclusion that the remaining claims are time-barred, the Alaimos argue that the statute of limitations should be tolled due to Minette's compromised capacity to testify in court.[2] When a plaintiff's medical condition or mental impairment prevented her from proceeding in a timely fashion, equitable tolling may apply. *See, e.g., Zerilli–Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80 (2d Cir.2003); *Brown v. Parkchester S. Condos.*, 287 F.3d 58, 60 (2d Cir.2002); *Canales v. Sullivan*, 936 F.2d 755, 758 (2d Cir.1991). However, as the Second Circuit has cautioned, equitable tolling "is only appropriate in rare and exceptional circumstances, in which a party is prevented in some extraordinary way from exercising [her] rights." *Zerilli–*

*Edelglass*, 333 F.3d at 80 (internal quotation marks and citations omitted).

■ The issue of whether a medical condition warrants equitable tolling of a filing deadline requires a " 'highly case-specific' inquiry." *Brown*, 287 F.3d at 60. The Court considers "whether the person seeking application of the equitable tolling doctrine (1) has 'acted with reasonable diligence during the time period she seeks to have tolled,' and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." *Zerilli–Edelglass*, 333 F.3d at 80–81 (quoting *Chapman v. ChoiceCare Long Island Term Disability Plan*, 288 F.3d 506, 512 (2d Cir. 2002)). The burden of demonstrating the propriety of equitable tolling rests with the plaintiffs. *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir.2000).

■ The Alaimos direct the Court to documents that purportedly establish that Minette remained incapacitated through May 2006. *See* Opposition, p. 23. The Court has reviewed those documents and does not find that the documents support the Alaimos' contention that Minette was medically incapable of participating in this litigation as late as 2006. In one submission—an unsworn affidavit from Alan Plumer, M.D.—Dr. Plumer states, "[Minette's] condition does worsen at different times depending [on] the stress level she goes through regarding the above situation or related situation." Affidavit of Alan Plumer, M.D., Aug. 4, 2005 (Ex. 10 to Pl. Opp. to Summary Judgment). In another, Louis Rodriguez, M.D., notes, "Over time, it appeared that the flaring up of signs and symptoms indicative of these conditions was temporally associated with circumstances arising at school as well as the

---

meeting' who determined plaintiff Minette's eligibility . . . ." *See* Objections, p. 15.

**2.** The Alaimos do not challenge Judge Yanthis' conclusion that the statute of limitations—absent tolling—has run on all the claims in the Complaint.

need to testify in court." Letter from Louis Rodriguez, M.D., July 10, 2005 (Ex. 10 to Pl. Opp. to Summary Judgment).[3] The final submission, a letter from Alicia Krivit, FNP, does not address Minette's ability to testify in court at all.

While identifying some unquestionably acute medical conditions, the doctors did not aver that Minette was incapable of testifying in court, or even that to do so would pose an unreasonable or medical hardship. Even presuming, without deciding, that the Alaimos might be entitled to equitable tolling based on Minette's medical condition, the evidence does not support the Alaimos' assertion that Minette's condition extended into the applicable limitations period. Consequently, the Court finds no basis upon which to toll the statute of limitations.

### b. Conclusion

Having conducted a *de novo* review of Judge Yanthis' Report and Recommendation, this Court agrees with Judge Yanthis' conclusions and grants summary judgment in favor of the defendant. The Clerk of the Court is directed to close this case, terming docket entry 8.

*It is so ordered.*

## REPORT AND RECOMMENDATION

GEORGE A. YANTHIS, United States Magistrate Judge.

TO THE HONORABLE STEPHEN C. ROBINSON, United States District Judge:

Minette Alaimo attended school in the Tri–Valley Central School District from September 1998 through June 1998, completing grades kindergarten through ninth.

She thereafter completed her high school education elsewhere and graduated in June 2000. Minette's date of birth is December 24, 1983; she is presently twenty-four years old.

Plaintiffs–Minette and her parents, Susan and Vincent—commenced the instant *pro se* action on or about November 30, 2006, wherein they allege claims against the Board of Education of the Tri–Valley Central School District pursuant to 42 U.S.C. § 1983, the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1401 *et seq.*, and New York State law. Plaintiffs specifically allege that defendant (1) violated their First Amendment right to freedom of religion, (2) discriminated against them because they are Jewish, (3) failed to provide appropriate special education and other related services and (4) negligently and intentionally caused them emotional and physical harm. Presently before this Court is defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure ("FRCP"). For the reasons set forth below, I respectfully recommend that defendant's motion should be granted.

## I. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FRCP 56(c). Specifically, the party seeking summary judgment has the burden of demonstrating that no genuine issue respecting any material fact exists. *See La-Fond v. General Physics Servs. Corp.,* 50

---

**3.** Dr. Rodriguez's treatment of Minette ended on January 10, 2003. Therefore, the Alaimos' reliance on Dr. Rodriguez's letter as evidence that Minette was incapable of testifying at trial in 2005 is without merit.

F.3d 165, 171 (2d Cir.1995). If the moving party meets its burden, the burden shifts to the opposing party to come forward with "specific facts showing that there is a genuine issue for trial." FRCP 56(e). Where a plaintiff fails to establish an essential element of her claim, "there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (internal quotations and citations omitted).

When deciding a summary judgment motion, the court must resolve all ambiguities and draw all factual inferences in favor of the party opposing the motion. *See McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir.1999). The question is whether, in light of the evidence, a rational jury could find in favor of the nonmoving party. *See Gallo v. Prudential Residential Servs., Ltd. Partnership*, 22 F.3d 1219, 1224 (2d Cir.1994). Summary judgment must be denied, therefore, if the court finds "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Further, because plaintiffs are proceeding *pro se*, the Court must judge their submissions by a more lenient standard than that accorded to "formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). *See Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994) (The Court must read a pro se party's "supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest."). This liberal standard, however, "is not without limits, and all normal rules of pleading are not absolutely suspended." *Stinson v. Sheriff's Dep't of Sullivan County*, 499 F.Supp. 259, 262 (S.D.N.Y.1980). In other words, plaintiffs' pro se status does not relieve them of the usual requirements of summary judgment. *See Lee v. Coughlin*, 902 F.Supp. 424, 429 (S.D.N.Y.1995) (citation omitted) (a "pro se party's 'bald assertion,' completely unsupported by evidence, is not sufficient to overcome a motion for summary judgment"); *Kadosh v. TRW, Inc.*, No. 91 Civ. 5080(PKL), 1994 WL 681763, at *5 (S.D.N.Y. Dec. 5, 1994) ("The work product of pro se litigants should be generously and liberally construed, but [the pro se's] failure to allege either specific facts or particular laws that have been violated renders his attempt to oppose defendants' motion ineffectual.").

## II. IDEA CLAIMS

■ Defendant contends that plaintiffs' IDEA claims must be dismissed because plaintiffs failed to exhaust their administrative remedies. "It is well-settled that the IDEA requires an aggrieved party to exhaust all administrative remedies before bringing a civil action in federal or state court . . . ." *J.S. v. Attica Cent. Sch.*, 386 F.3d 107, 112 (2d Cir.2004). The exhaustion requirement does not apply, however, in cases where exhaustion would be futile. *See Polera v. Board of Educ. Of Newburgh Enlarged City Sch. Dist.*, 288 F.3d 478, 488 (2d Cir.2002). The party seeking to avoid the exhaustion requirement has the burden of demonstrating futility. *See id.* at 489 n. 8. Here, plaintiffs do not dispute defendant's contention regarding their failure to exhaust their IDEA claims, nor do they raise any argument related to futility. Moreover, the record is devoid of evidence either contrary to defendant's contention or relevant to the question of futility. Accordingly, I conclude that plaintiffs' IDEA claims must be dismissed.

## III. PLAINTIFFS' REMAINING CLAIMS ARE TIME–BARRED

 Defendant also argues that plaintiffs' § 1983 and state law claims are time-barred. Although 42 U.S.C. § 1983 does not specify a statute of limitations, federal courts apply the analogous state period for personal injury claims. *See Curto v. Edmundson,* 392 F.3d 502, 503–05 (2d Cir.2004). Thus, plaintiffs' § 1983 claims are subject to a three-year statute of limitations. *See* N.Y. C.P.L.R. § 214(5). Further, under New York law, claims of negligence against a school district are governed by a one-year and ninety-day statute of limitations. *See* N.Y. GEN. MUN. Law § 50–i. Finally, a one-year statute of limitations applies to plaintiffs' intentional tort claims. *See* N.Y. C.P.L.R. § 215. Here, because the alleged acts giving rise to the instant lawsuit occurred by the end of June 1998, at the latest, and the instant lawsuit was not commenced until November 30, 2006, plaintiffs' § 1983 and state law claims are time-barred unless the statute of limitations has been tolled.

Construing plaintiffs' submissions broadly, they request that the applicable statutes of limitations be equitably tolled because the stress of testifying would have exacerbated Minette's medical problems. "Equitable tolling is a rare remedy to be applied in unusual circumstances." *Wallace v. Kato,* 549 U.S. 384, 127 S.Ct. 1091, 1100, 166 L.Ed.2d 973 (2007). In order for equitable tolling to apply, the court must conclude that plaintiffs "(1) [have] acted with reasonable diligence during the time period [they] seek to have tolled, and (2) [have] proved that the circumstances are so extraordinary that the doctrine should apply." *See Zerilli–Edelglass v. New York City Transit Auth.,* 333 F.3d 74, 80–81 (2d Cir.2003).

Here, apart from conclusory and vague allegations, plaintiffs offer no support for their contention that Minette's medical condition prevented them from timely pursuing their claims. The medical records submitted by plaintiffs contain three documents which generally advise that Minette should not testify in a court proceeding due to her medical condition. However, none of the three documents are notarized and the latest of the documents is dated March 7, 2003. Even assuming that Minette's condition was sufficiently impaired to justify equitable tolling until March 2003, the instant claims would still be time-barred. Accordingly, I conclude that plaintiffs' § 1983 and state law claims must be dismissed.[1]

## IV CONCLUSION

For all of the foregoing reasons, I conclude, and respectfully recommend, that defendant's motion for summary judgment should be granted and plaintiffs' claims should be dismissed in their entirety.

## V. NOTICE

Pursuant to 28 U.S.C. § 636(b)(1)(B), as amended, and Rule 72(b), Fed.R.Civ.P., the parties shall have ten (10) days from receipt of this Report to serve and file written objections to this Report and Recommendation. If copies of this Report are served upon the parties by mail, the parties shall have thirteen (13) days from receipt of this Report to file and serve written objections. *See* Fed.R.Civ.P. 6(e). Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Stephen C. Robinson at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York, 10601, and to the cham-

---

1. Assuming, *arguendo,* that the statutes of limitations were tolled during Minette's infancy (until December 24, 2001), the same result is reached.

bers of the undersigned at said Courthouse.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered. *See Small v. Secretary of H.H.S.*, 892 F.2d 15, 16 (2d Cir.1989).

Requests for extensions of time to file objections must be made to the Honorable Stephen C. Robinson and not to the undersigned.

Dated: January 17, 2008.

White Plains, New York.