09-1924-cv
Baroor v. New York City Department of Education

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of January,  two thousand ten.

PRESENT:   PETER W. HALL,
                      DEBRA ANN LIVINGSTON,                *Circuit Judges*,
                      DENNY CHIN,[*]                               *District Judge*.

_____

Shahin Baroor,

            *Plaintiff-Appellant*,

     v.                 No. 09-1924-cv

New York City Department of Education, Helen Zentner, Ted Radin, and Gary Goldenback, in Their Individual and Official Capacities,

           *Defendants-Appellees*.[**]

_____

[*] The Honorable Denny Chin, of the United States District Court for the Southern District of New York, sitting by designation.

[**] The Clerk of the Court is directed to amend the official caption as set forth above.

| For Appellant: | THOMAS RICOTTA, Leeds, Morelli & Brown, P.C., Carle Place, New York. |
|---|---|
| For Appellees: | MICHAEL A. CARDOZO, Corporation Counsel of the City of New York (Norman Corenthal, Assistant Corporation Counsel, Kristin M. Helmers, Counsel, Andrea O'Connor, Counsel, on the brief), New York, New York. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Gershon, *J.*), filed April 8, 2009, which, in accordance with the court's memorandum decision and order dated April 3, 2009, granted defendants-appellees' motion for summary judgment in its entirety. **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-appellant Shahin Baroor appeals from a judgment of the United States District Court for the Eastern District of New York (Gershon, *J.*), which, in accordance with the court's memorandum decision and order dated April 3, 2009, granted defendants-appellees' motion for summary judgment in its entirety. Appellant claims that the district court erred in granting summary judgment for appellees on appellant's employment discrimination claims. We review a district court's grant of summary judgment *de novo*, drawing all inferences in favor of the nonmoving party. *See SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 137 (2d Cir. 2009). While we will not uphold an award of summary judgment in favor of the defendant if the evidence is sufficient to permit a reasonable jury to find for the plaintiff, the plaintiff must point to more than a "scintilla" of evidence in support of his position to defeat summary judgment. *See Havey v. Homebound Mortgage, Inc.*, 547 F.3d 158, 163 (2d Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)) (internal quotation marks omitted). "[C]onclusory statements or mere allegations [are] not sufficient to defeat a summary judgment

motion." *Davis v. State of New York*, 316 F.3d 93, 100 (2d Cir. 2002). We review a district court's application of the relevant statute of limitations *de novo*, *see Somoza v. New York City Dep't of Educ.*, 538 F.3d 106, 112 (2d Cir. 2008), and its ruling on equitable tolling for abuse of discretion, *see United States v. All Funds Distributed To, or on Behalf of, Weiss*, 345 F.3d 49, 54 (2d Cir. 2003). We assume the parties' familiarity with the factual and procedural history of the case, as well as the issues on appeal, which we reference only to the extent necessary to explain our decision to affirm.

We affirm for substantially the reasons stated in the district court's thorough and well-reasoned opinion. *See Baroor v. New York City Dep't of Educ.*, No. 06 cv 3965 (NG), 2009 WL 959537, at *1 (E.D.N.Y. Apr. 3, 2009).

## I.     Title VII Claims

For a Title VII claim arising in New York to be timely, a plaintiff must file the charge with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the allegedly unlawful employment practice. *See* 42 U.S.C. § 2000e-5(e); *Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 765 (2d Cir. 1998). And, while a hostile work environment claim is treated as a continuing violation and treated as timely if one act contributing to the claim occurred within the 300-day period, discrete acts of discrimination such as termination that occur outside the limitations period are considered untimely. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 111-14 (2002).

Here, Baroor filed an EEOC charge on June 13, 2006. Because all of the defendants' alleged misconduct occurred prior to August 17, 2005, the EEOC charge is untimely as to each of Baroor's Title VII claims.

3

Title VII's time limits for filing with the EEOC are not jurisdictional, but, like statutes of limitations, are subject to "waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). Equitable tolling is, however, "only appropriate in rare and exceptional circumstances, in which a party is prevented in some extraordinary way from exercising his rights." *Zerilli-Edelglass v. New York City Transit Authority*, 333 F.3d 74, 80 (2d Cir. 2003) (internal quotation marks, alteration and citation omitted). Exceptional circumstances that might warrant equitable tolling include "where a plaintiff's medical condition or mental impairment prevented her from proceeding in a timely fashion." *Id*. (citing *Brown v. Parkchester S. Condos.*, 287 F.3d 58, 60 (2d Cir. 2002)). "When determining whether equitable tolling is applicable, a district court must consider whether the person seeking application of the equitable tolling doctrine (1) has 'acted with reasonable diligence during the time period she seeks to have tolled,' and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." *Id*. at 80-81 (quoting *Chapman v. ChoiceCare Long Island Term Disability Plan*, 288 F.3d 506, 512 (2d Cir. 2002)).

The district court declined to equitably toll the 300-day EEOC filing deadline because it found that Baroor had failed to act with reasonable diligence throughout the time period she seeks to have tolled.

A review of the record reveals that Baroor failed to adduce evidence demonstrating the extraordinary circumstances that would merit the application of equitable tolling. Baroor argues that her "medical and mental impairment" warrant equitable tolling because her condition indicates that she acted with the requisite diligence. The record, however, does not support this claim. The district court's finding is well-supported by the record. Accordingly, the district

court did not abuse its discretion in concluding that equitable tolling is not warranted in this case and that Baroor's Title VII claims are time-barred.

## II.    Section 1983 Claims

"The statute of limitations for claims brought under Section 1983 is governed by state law, and in this case is the three-year period for personal injury actions under New York State law." *Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009). Under New York law, the statute of limitations period may be extended "[i]f a person entitled to commence an action is under a disability because of infancy or insanity at the time the cause of action accrues." N.Y. C.P.L.R § 208. Physical ailments, however, do not suffice to invoke the New York tolling provisions. *See Eisenbach v. Metro. Transp. Auth.*, 97 A.D.2d 808 (N.Y. App. Div. 1983); *see also McBride v. County of Westchester*, 211 A.D.2d 792, 794 (N.Y.A.D. 1995). "In § 1983 actions . . . a state statute of limitations and the coordinate tolling rules are more than a technical obstacle to be circumvented if possible." *Bd. of Regents of Univ. of the State of New York v. Tomanio*, 446 U.S. 478, 484 (1980).

Baroor filed the present action on August 16, 2006. Except for her wrongful retirement claim, each alleged discrete act of discrimination accrued more than three years prior to her filing this action. Baroor's untimely claims cannot be deemed timely under the continuing violations theory because her only timely claim arises out of a discrete discriminatory act that is separate from her hostile work environment claim. *See Natl. R.R. Passenger Corp. v. Morgan*, 536 U.S. at 111-14, 116. Baroor argues that the district court erred by declining to equitably toll her § 1983 claims because her impairment was a mental impairment that "included physical

5

manifestations." This argument, however, is without merit. *See Baroor*, 2009 WL 959537, at *7.

Accordingly, the district court did not abuse its discretion in concluding that equitable tolling is not warranted in this case and that Baroor's Title VII claims are time-barred.

## III.    Wrongful Retirement

Claims of employment discrimination brought pursuant to 42 U.S.C. § 1983 are analyzed using the burden-shifting framework set forth in *McDonnell Douglas v. Green*, 411 U.S. 792 (1973). *See Sorlucco v. New York City Police Dep't*, 888 F.2d 4, 7 (2d Cir. 1989) (holding that "[i]n a claim arising under Title VII or section 1983, a plaintiff . . . has the initial burden of establishing a prima facie case of discrimination"). A plaintiff must first present sufficient evidence to establish a *prima facie* case of discrimination by demonstrating that: (1) she belonged to a protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of discrimination. *McDonnell*, 411 U.S. at 802-04.

The district court determined that Baroor failed to present sufficient evidence to establish that she suffered any adverse employment action because she retired at her request and had submitted a retirement application. The court concluded that Baroor thus failed to make out a *prima facie* case with respect to her claim of wrongful retirement under § 1983, and appellees were entitled to judgment as a matter of law on that claim. *Baroor*, 2009 WL 959537, at **7-8.

We agree with the district court that Baroor has not made out a *prima facie* case for wrongful retirement because she failed to demonstrate that she suffered any adverse employment action. Baroor's testimony that the retirement application was a forgery notwithstanding, she

6

failed to offer any "specific, particularized facts, or expert testimony, to support her claim that the retirement application form—which bears her signature and was notarized by a notary public—was a product of forgery." *Id*. at \*8 (citing *Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005) ("To defeat summary judgment . . . nonmoving parties must do more than simply show that there is some metaphysical doubt as to the material facts, and they may not rely on conclusory allegations or unsubstantiated speculation.") (internal citations and quotations omitted)).

We have considered Baroor's remaining claims and find them to be without merit.

## CONCLUSION

For the reasons stated above, the judgment of the district court is **AFFIRMED**.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7