**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 09-6834

CHARLES EDWARD O'NEIL,

             Plaintiff – Appellant,

        v.

MARTY ANDERSON; DOMINIC MCLAIN; KENNETH KAISER; SCOTTY ROSE;
SHEILA TAYLOR; K. ROSE; RICHARD RUSSELL; SUE ENGELS; DR.  N.
REHBERG; JERRI KIRKLAND; DR. SYED RASHEED, individually and
in their Official Capacities,

             Defendants – Appellees.

Appeal from the United States District Court for the Southern
District of West Virginia, at Beckley.   Thomas E. Johnston,
District Judge.  (5:07-cv-00358)

Submitted:  March 11, 2010            Decided:  March 29, 2010

Before WILKINSON, KING, and DUNCAN, Circuit Judges.

Vacated and remanded in part; affirmed in part by unpublished
per curiam opinion.

Charles Edward O'Neil, Appellant Pro Se.   Kelly Rixner Curry,
Assistant United States Attorney, Charleston, West Virginia;
Erin R. Brewster, THE FOSTER LAW FIRM, Charleston, West
Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Edward O'Neil, a federal prisoner housed at FCI Beckley ("the prison"), appeals the district court's order dismissing his civil rights action, filed pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), in which O'Neil alleged that, on three separate occasions, the United States, sixteen physicians and members of the prison's medical staff (collectively, the "Federal Defendants"), and Dr. Syed Rasheed, a physician contracted to treat O'Neil, were deliberately indifferent to his serious medical condition, in violation of the Eighth Amendment.

The first instance of deliberate indifference allegedly occurred on February 15, 2002, upon O'Neil's arrival at the prison. According to O'Neil's complaint, the prison's medical staff failed to arrange for emergency treatment or examination by a suitable cardiologist or endocrinologist, despite objective knowledge of O'Neil's medical condition and O'Neil's complaints regarding his health (hereinafter "failure to provide emergency treatment claim").

O'Neil alleged that his condition worsened to the extent that he was hospitalized on April 12, 2002. O'Neil was transferred to a different hospital for further testing, where he remained until April 25, 2002. O'Neil alleged he was discharged with specific follow-up instructions relevant to

2

further testing and treatment, and that prison officials failed to follow those instructions. This gave rise to O'Neil's second deliberate indifference claim (hereinafter "first failure to provide follow-up treatment claim").

O'Neil was hospitalized again on July 23, 2004. Upon his release three days later, O'Neil again received detailed discharge instructions pertaining to medications, follow-up testing, and treatment. The prison officials' alleged failure to comply with these instructions formed the basis for O'Neil's third and final Bivens claim (hereinafter "second failure to provide follow-up treatment claim").

O'Neil also relied on these facts to support a negligence claim against the United States, filed pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680 (2006).

Upon conducting 28 U.S.C. § 1915A (2006) review, the magistrate judge recommended dismissing the complaint for failure to state a claim. The magistrate judge first found the FTCA claim failed because O'Neil did not comply with W. Va. Code Ann. § 55-7B-6(b) (LexisNexis 2008), which requires that, prior to filing a medical malpractice claim, the plaintiff must submit

3

a screening certificate of merit ("screening certificate").[1] The magistrate judge further recommended dismissing the Bivens claims, because the complaint could not "be read to allege indifference to [O'Neil's] serious medical needs."

In his objections, O'Neil argued he was excepted from the screening certificate requirement. See W. Va. Code Ann. § 55-7B-6(c) (LexisNexis Supp. 2008). O'Neil also objected to the recommendation pertaining to the Bivens claims, asserting his complaint adequately pled deliberate indifference.

In its opinion and order, the district court overruled O'Neil's objection to the FTCA claim. However, the district court sustained O'Neil's objection to the recommended dismissal of his Eighth Amendment Bivens claims. Thus, the case was returned to the magistrate judge for further proceedings. O'Neil subsequently moved the court to reconsider its dismissal of the FTCA claim, reiterating his position that he was excepted from the screening certificate requirement.

---

[1] As the magistrate judge correctly explained, the FTCA does not create an independent legal remedy against the United States. Unus v. Kane, 565 F.3d 103, 117 (4th Cir. 2009). Instead, it merely renders the United States amenable to suit under applicable state law, just as a non-federal entity would be. 28 U.S.C. §§ 1346(b)(1), 2674; Unus, 565 F.3d at 117. Accordingly, limitations on tort claims in West Virginia, such as the requirement that a screening certificate be obtained as a prerequisite for filing a medical malpractice action, W. Va. Code Ann. § 55-7B-6(b), apply to O'Neil's FTCA claim.

Defendant Rasheed filed a motion to dismiss, citing this court's decision in Holly v. Scott, 434 F.3d 287 (4th Cir. 2006), to support his contention that Bivens should not be extended to reach him, an independent contractor for the prison, against whom a state court remedy was available.

The Federal Defendants also filed a Fed. R. Civ. P. 12(b)(6) motion to dismiss, asserting O'Neil's Bivens claims were filed outside West Virginia's two-year statute of limitations for personal injury actions. The Federal Defendants suggested time-lines for the accrual and expiration of the statute of limitations applicable to each of the Bivens claims.

Although O'Neil did not challenge the Federal Defendants' time-lines, he presented two arguments to extend the various limitations periods. First, O'Neil asserted that the "continuous treatment rule" extended the statute of limitations applicable to the failure to provide emergency treatment claim. O'Neil next argued the statute of limitations applicable to both failure to provide follow-up treatment claims should be tolled due to his mental incapacitation during the relevant time periods. More particularly, O'Neil argued that, pursuant to W. Va. Code Ann. § 55-2-15 (LexisNexis 2008),[2] the limitations

---

[2] In full, W. Va. Code Ann. § 55-2-15 provides:
(Continued)

period should be tolled from June 27, 2005, until June 4, 2007. O'Neil submitted an affidavit addressing his mental health status and medical records, to which he attached treatment notes from the mental health practitioners who treated him between August 24, 2005, and February 1, 2007.

The magistrate judge completed a second report, in which he recommended denying O'Neil's motion for reconsideration of the dismissal of his FTCA claim. The magistrate judge next recommended granting Defendant Rasheed's motion to dismiss, finding the availability of a state court remedy (a medical negligence action under West Virginia law) weighed against extending Bivens liability to Rasheed. With regard to the timeliness of the Bivens claims, the magistrate judge rejected the continuous treatment doctrine as a basis to extend the accrual date of the failure to provide emergency treatment claim. Further, acknowledging O'Neil's allegations of mental

---

If any person to whom the right accrues to bring any such personal action, suit or scire facias, or any such bill to repeal a grant, shall be, at the time the same accrues, an infant or insane, the same may be brought within the like number of years after his becoming of full age or sane that is allowed to a person having no such impediment to bring the same after the right accrues, or after such acknowledgment as is mentioned in section eight of this article, except that it shall in no case be brought after twenty years from the time when the right accrues.

6

disability, the magistrate judge found "that being treated by a psychologist does not render Plaintiff under a mental disability," and thus recommended rejecting the proffered basis for tolling the limitations periods of the failure to provide follow-up treatment claims. Accordingly, the magistrate judge recommended accepting the time-lines asserted by the Federal Defendants and dismissing based on the statute of limitations.

O'Neil timely objected to the magistrate judge's recommendation. In its opinion, the district court first overruled O'Neil's objection to the recommended denial of his motion for reconsideration of the FTCA claim, finding the objection was insufficiently specific. The district court next reviewed the mental competency claim de novo, and found that, "though Plaintiff is documented as having a history of mental illness during [the relevant] time, there is insufficient evidence that Plaintiff's condition ever rose to the level of insanity for purposes of [West Virginia's] savings clause." Finally, the district court found O'Neil had a viable state law claim for medical negligence against Rasheed, the availability of which counseled against allowing O'Neil to pursue a Bivens claim against him.

The district court thus denied O'Neil's motion for reconsideration, granted Defendants' motions to dismiss, and

7

dismissed O'Neil's complaint with prejudice. O'Neil timely noted this appeal.

In his informal brief on appeal, O'Neil asserts that the district court erred in (1) dismissing his <u>Bivens</u> claim against Rasheed; (2) rejecting O'Neil's contention that he was excepted from filing a screening certificate; and (3) declining to toll the statute of limitations relevant to his failure to provide follow-up treatment claims due to his mental incompetence.

I. <u>Dismissal of *Bivens* Claim Against Rasheed</u>

This court reviews de novo the grant of a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim. <u>Philips v. Pitt County Mem'l Hosp.</u>, 572 F.3d 176, 179-80 (4th Cir. 2009).

Citing Justice Stevens' dissent in <u>Corr. Servs. Corp. v. Malesko</u>, 534 U.S. 61 (2001), O'Neil asserts that the existence of a viable state court remedy does not preclude extending a <u>Bivens</u> cause of action to an independent contractor. However, the <u>Malesko</u> Court did not address "whether a <u>Bivens</u> action might lie against a private individual," <u>Malesko</u>, 534 U.S. at 65, and while the dissent suggested this might be the case, <u>Malesko</u>, 534 U.S. at 79 n.6 (Stevens, J., dissenting), the Supreme Court has not further opined on the issue. This court,

8

however, has declined to extend the Bivens remedy to an individual private actor, in part because of the availability of a state court remedy. Holly, 434 F.3d at 295-97. Accordingly, we affirm the district court's order dismissing the Bivens claim against Rasheed.[3]

## II. Denial of Motion for Reconsideration of FTCA Claim

As described above, the district court found O'Neil failed to specifically object to the magistrate judge's recommendation to deny O'Neil's motion for reconsideration of the district court's order dismissing his FTCA claim. This failure to object waived appellate review of the dispositive issue. United States v. Midgette, 478 F.3d 616, 621-22 (4th Cir. 2007). Accordingly, we affirm the district court's order as to O'Neil's FTCA claim.

---

[3] Relatedly, O'Neil asserts the district court abused its discretion in denying his motion to appoint counsel to assist in the presentation of this claim. We conclude there was no abuse of discretion because, within this Circuit, the legal landscape surrounding the issue was relatively clear. See Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987) (appointing counsel is matter of district court's discretion).

III. Dismissal of *Bivens* Claims Against Federal Defendants Because of Statute of Limitations

In granting the Federal Defendants' motion to dismiss, the district court rejected O'Neil's contention that the statute of limitations on his failure to provide follow-up treatment claims should be tolled due to periods of mental incapacitation. The district court found that, although O'Neil's evidence demonstrated a "documented . . . history of mental illness," it was "insufficient" to demonstrate that O'Neil was insane within the meaning of West Virginia's savings clause. O'Neil challenges this ruling on appeal.

After a thorough review of the record, we are persuaded that O'Neil's evidence regarding his competency during the limitations period relevant to the failure to provide follow-up treatment claims raised concerns that warranted greater scrutiny. On their face, the medical records available to us support a legitimate concern that, at least during portions of the relevant statute of limitations periods, O'Neil's mental status was seriously compromised. This evidence, coupled with the fact that O'Neil was a pro se plaintiff, incarcerated by the very institution that controlled his access to the evidence that may have supported his assertion, leads us to conclude that the district court should have permitted O'Neil the opportunity to conduct limited

10

discovery on the issue and to obtain the records he avers are relevant. Compare Douglas v. York County, 433 F.3d 143 (1st Cir. 2005) (affirming grant of summary judgment to State on statute of limitations issue after discovery on disputed tolling issue) with Brown v. Parkchester S. Condos., 287 F.3d 58, 60-61 (2d Cir. 2002) (vacating dismissal of Title VII and ADA action and remanding for evidentiary hearing regarding plaintiff's mental disability that he alleged tolled the filing period).

Accordingly, we vacate the district court's order dismissing the two failure to provide follow-up treatment claims and remand this case to the district court with instructions to appoint counsel to represent O'Neil and to permit discovery on the issue of O'Neil's mental status during the applicable limitations periods.[4] However, we affirm the district court's order pertaining to the failure to provide emergency treatment claim, the FTCA claim, and the dismissal of the Eighth Amendment claims against Defendant Rasheed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED IN PART;
AFFIRMED IN PART

---

[4] In view of our disposition, we deny O'Neil's motion for appointment of counsel on appeal.

11