Shipp v. Frontier Commc'ns

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of September, two thousand sixteen.

PRESENT: DENNIS JACOBS,
         BARRINGTON D. PARKER,
         DEBRA ANN LIVINGSTON,
                  <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X
D. TROY SHIPP,
      <u>Plaintiff-Appellant</u>,

      -v.-                            15-3908

FRONTIER COMMUNICATIONS, ET AL.,
      <u>Defendants-Appellees</u>.

- - - - - - - - - - - - - - - - - - - -X

**FOR PLAINTIFF-APPELLANT:**      D. Troy Shipp, pro se, Bridgeport, CT.

**FOR DEFENDANTS-APPELLEES:**      No appearance.

Appeal from a judgment of the United States District Court for the District of Connecticut (Hall, CJ.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

D. Troy Shipp, pro se, appeals from the district court's sua sponte dismissal as untimely of his complaint alleging employment discrimination under Title VII of the Civil Rights Act of 1964 and the Connecticut Fair Employment Practices Act. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's sua sponte dismissal of a complaint as untimely under the applicable statute of limitations. See McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004); Brown v. Parkchester S. Condos., 287 F.3d 58, 60 (2d Cir. 2002).

In order to pursue a Title VII claim in federal court, a plaintiff must file his federal complaint within 90 days of receipt of his EEOC right-to-sue letter. See 42 U.S.C. § 2000e-5(f)(1). The complaint concedes that Shipp received his right-to-sue letter in September 2014, yet he did not file his complaint until September 2015. Nothing in the record or Shipp's arguments on appeal suggests that his claim should be equitably tolled. See Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000); Johnson v. Nyack Hosp., 86 F.3d 8, 12-13 (2d Cir. 1996).

Accordingly, and finding no merit in Shipp's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

2