Seck v. Information Management Network

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 6th day of September, two thousand seventeen.

Present:     JON O. NEWMAN,
             PIERRE N. LEVAL,
             ROSEMARY S. POOLER,
                  *Circuit Judges*.

_____

ABDOULAYE SECK,

                  *Plaintiff-Appellant*,

          v.                                          16-3251-cv

INFORMATION MANAGEMENT NETWORK, EUROMONEY PLC (IMN),
JAMES STARK, JULIUS HILL, COLIN JONES, DIANE ALFANO,

                  *Defendants-Appellees*.

_____

Appearing for Appellant:     Abdoulaye Seck, Laurelton, N.Y.


Appeal from the United States District Court for the Southern District of New York (Preska, *J.*).

     **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellant Abdoulaye Seck, proceeding pro se, sued his former employer, Information Management Network ("IMN"), its parent company Euromoney PLC, and four IMN and Euromoney employees, alleging discrimination and conspiracy to violate his civil rights, in violation of Title VII, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Genetic Information Nondiscrimination Act ("GINA"), and 42 U.S.C. §§ 1981 and 1985(3). Seck appeals from the district court's sua sponte dismissal of his amended complaint as barred by the applicable statutes of limitations, its determination that neither equitable tolling nor equitable estoppel applied, and its determination that he did not state a claim under GINA. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's sua sponte dismissal or its dismissal of an employment discrimination case as untimely under the applicable statute of limitations. *Giano v. Goord*, 250 F.3d 146, 149–150 (2d Cir. 2001) (sua sponte) *abrogated on other grounds by Porter v. Nussle*, 534 U.S. 516 (2002); *Brown v. Parkchester S. Condos.*, 287 F.3d 58, 60 (2d Cir. 2002) (statute of limitations). A cause of action for employment discrimination accrues from the moment of the discrete act constituting an unlawful employment practice, not from when the discriminatory motive is discovered. *See Morse v. Univ. of Vt.*, 973 F.2d 122, 125 (2d Cir. 1992). "We review the district court's decision to deny equitable tolling for abuse of discretion." *Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 81 (2d Cir. 2003).

Upon review, we conclude that the district court properly dismissed the majority of Seck's claims as time-barred. Seck's claims accrued, at the latest, in July 2007, when he was terminated, and he did not file his complaint until 2015. And even though Seck alleged that he discovered the defendants' alleged discriminatory intent in 2015, such discovery does not affect the accrual date of his cause of action. *See Morse*, 973 F.2d at 125 (noting that the Supreme Court has instructed that "the proper focus is on the time of the discriminatory act, not the point at which the consequences of the act become painful." quoting *Chardon v. Fernandez*, 454 U.S. 6, 8 (1981) (emphasis omitted).

Moreover, the district court did not abuse its discretion by determining that no equitable exception applied. Equitable tolling did not apply because Seck did not act with reasonable diligence to discover the facts and protect his rights during the period he sought to have tolled. *See Johnson v. Nyak Hosp.*, 86 F.3d 8, 12 (2d Cir. 1996). Equitable estoppel did not apply because Seck did not allege facts showing that, while he was aware of his federal claims, the defendants prevented him from suing to assert them. *See Bennett v. U.S. Lines Inc.*, 64 F.3d 62, 66 (2d Cir. 1995).

Without addressing whether Seck's GINA claim was timely, we conclude that the district court properly dismissed the claim because Seck did not allege discrimination based on his genetic information. *See* 42 U.S.C. § 2000ff-1(a).

2

Because the district court properly dismissed Seck's complaint as untimely, we need not consider whether his claims were meritorious. We have considered the remainder of Seck's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk