09-0977-cv
Okoi v. El Al Israel Airlines

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of May, two thousand ten.

PRESENT:
>    ROGER J. MINER,
>    JOHN M. WALKER, JR.,
>    GERARD E. LYNCH,
>         *Circuit Judges.*

_____

Fidelis Okoi,

>              *Plaintiff-Appellant*,

>         v.                                                            09-0977-cv

El Al Israel Airlines,

>              *Defendant-Appellee*.

_____

FOR PLAINTIFF-APPELLANT:        FIDELIS OKOI, *pro se*, Baldwin, NY.

FOR DEFENDANT-APPELLEE:         BARRY S. ALEXANDER, Diane Westwood Wilson;
                                Clyde & Co US LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of

New York (Hurley, *J.*; Wall, *M.J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiff-appellant Fidelis Okoi, proceeding *pro se*, appeals the district court's grant of Defendant-Appellee's motion to dismiss his complaint for failure to state a claim upon which relief may be granted and its denial of his motion to amend his complaint.[1]

This Court reviews *de novo* a district court's dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will have facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009). In the case of a *pro se* complaint, a court must construe the complaint liberally, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and should not dismiss it without granting the plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)

---

[1] Additionally, we construe Appellant's "Papers in Support of Appeal" as a motion to expand the record, and deny the motion. Absent extraordinary circumstances, this Court will not enlarge the record on appeal to include evidentiary material not presented to the district court. *See Int'l Bus. Machs. Corp. v. Edelstein*, 526 F.2d 37, 45 (2d Cir. 1975). Appellee's motion to strike the exhibits in the "Papers" is therefore granted with respect to all of the exhibits therein except for the final three pages, which contain excerpts of a government publication of which this Court may take judicial notice.

(internal quotation marks omitted).

Here, an independent review of the record and relevant case law reveals that the district court properly dismissed Appellant's claims. The district court construed Appellant's claim as a claim for tortious interference with business relations, but concluded that the claim failed. Under New York law an at-will employee may maintain a tortious interference claim in "certain limited situations," but "she must establish that a third party used wrongful means to effect the termination such as fraud, misrepresentation, or threats." *Albert v. Loksen*, 239 F.3d 256, 274 (2d Cir. 2001) (internal quotation marks omitted). The district court concluded that Appellant could not show that Appellee used a wrongful means of interference when it initiated criminal proceedings against him, since Appellant had pleaded guilty to the charges, which were then dismissed under a "conditional discharge" agreement.

The district court was correct in concluding that Appellant's plea precluded a finding that the Appellee's conduct was wrongful. The claim Appellant asserted was in essence a claim for malicious prosecution. New York law requires a malicious prosecution plaintiff to demonstrate a final termination of the criminal proceeding in her favor, or at least "not inconsistent with [her] innocence." *Smith-Hunter v. Harvey*, 95 N.Y.2d 191, 196, 198 (2000); *see also Rothstein v. Carriere*, 373 F.3d 275, 287 (2d Cir. 2004). "A termination is not favorable to the accused . . . if the charge is withdrawn or the prosecution abandoned pursuant to a compromise with the accused." *Smith-Hunter*, 95 N.Y.2d at 196. Although the charges against Appellant were eventually dismissed under a "conditional discharge" agreement, on Appellant's own allegations, this termination was plainly upon "compromise with the accused." *Id*. Thus, the district court correctly concluded that Appellant's claim failed as a matter of law.

3

Appellant also contends that the district court erred in denying his motion to amend his complaint to assert Title VII hostile work environment claims against Appellee. Court reviews the district court's denial of leave to file an amended complaint for abuse of discretion. *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001). It is not an abuse of discretion to deny leave to amend a complaint when the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Since Appellant was not an employee of Appellee, his claims against it under Title VII must fail, and amending his complaint to assert them would be futile. *Gulino v. N.Y. State Educ. Dep't*, 460 F.3d 361, 370 (2d Cir. 2006) ("[T]he existence of an employer-employee relationship is a primary element of Title VII claims.").

Finally, to the extent that Appellant argues that Appellee's removal of the case from state court was untimely, we note that a party opposing removal on a ground other than the lack of federal jurisdiction must move to remand within thirty days after the filing of the notice of removal or the objection is waived. *Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643-44 (2d Cir. 1993). Here, Appellant did not raise the timeliness of the notice of removal as a potential issue until over two years after Appellee filed the notice of removal.

We have considered Appellant's remaining arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4