14-1082
Weinstein v. City of New York et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of November, two thousand fifteen.**

**PRESENT:**
> **DENNIS JACOBS,**
> **DEBRA ANN LIVINGSTON,**
> **CHRISTOPHER F. DRONEY,**
> *Circuit Judges.*

_____

**Martin Weinstein,**

> *Plaintiff-Appellant*,

> **v.**                                                          **14-1082**


**City of New York, et al.,**

> *Defendants-Appellees.*

_____

**FOR PLAINTIFF-APPELLANT:**      Martin Weinstein, <u>pro se</u>, Commack, New York.

**FOR DEFENDANTS-APPELLEES:**      Pamela Seider Dolgow, Fay Ng, Assistant
                                                         Corporation Counsels, <u>for</u> Zachary W. Carter,
                                                         Corporation Counsel of the City of New York, New
                                                         York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Schofield, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the motions to supplement the record are **DENIED**, and the judgment of the district court is **AFFIRMED**.

Martin Weinstein, pro se, appeals the district court's dismissal of his complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review the grant of a motion to dismiss de novo, accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor." Fink v. Time Warner Cable, 714 F.3d 739, 740-41 (2d Cir. 2013) (per curiam). To withstand a Rule 12(b)(6) motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although a court must accept as true all factual allegations in the complaint, that requirement is "inapplicable to legal conclusions." Iqbal, 556 U.S. at 678.

As the district court determined, Weinstein's federal claims are time barred. Weinstein does not contend that his complaint was timely; rather, he argues that the statutes of limitation should have been equitably tolled because the defendants prevented him from accessing emails that would have provided factual support for his claims.

Equitable tolling is available in "rare and exceptional circumstances." Zerilli-Edelglass v. N.Y.C. Transit Auth., 333 F.3d 74, 80 (2d Cir. 2003) (alteration omitted). The district court did not abuse its discretion by denying equitable tolling. Weinstein was aware of the injuries

2

underlying his causes of action as soon as he resigned, and actively litigated claims based on these same facts in state court. See Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 75 (2d Cir. 1998) ("It is well established that a district court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6) . . . .").

Weinstein has not alleged that the defendants concealed his causes of action, but that he was prevented from accessing certain *evidence*. Fraudulent concealment doctrine excuses a plaintiff's late filing of a complaint if the defendants concealed the cause of action itself. See Veltri v. Bldg. Serv. 32B-J Pension Fund, 393 F.3d 318, 323 (2d Cir. 2004); Pearl v. City of Long Beach, 296 F.3d 76, 84 (2d Cir. 2002). Weinstein confuses the "distinction between fraudulent concealment of the existence of a cause of action and fraudulent concealment of facts that, if known, would enhance a plaintiff's ability to prevail as to a cause of action of which the plaintiff was previously aware." See Pearl, 296 F.3d at 84. Therefore, Weinstein's excuse for his delay—that the defendants concealed emails that would have provided factual support for his claims—does not constitute an exceptional circumstance warranting tolling. Cf. Brown v. Parkchester S. Condos., 287 F.3d 58, 60 (2d Cir. 2002) (Sotomayor, J.); Miller v. Int'l Tel. & Tel. Corp., 755 F.2d 20, 24 (2d Cir. 1985).

Weinstein's motions to supplement the record on appeal are denied. "Absent extraordinary circumstances, this Court will not enlarge the record on appeal to include evidentiary material not presented to the district court." Okoi v. El Al Israel Airlines, 378 F. App'x 9, 11 n.1 (2d Cir. 2010) (summary order) (citing Int'l Bus. Machs. Corp. v. Edelstein, 526 F.2d 37, 45 (2d Cir. 1975)). Weinstein has not alleged any extraordinary circumstance warranting our consideration of the new evidence he seeks to submit.

We have considered Weinstein's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.  Weinstein's motions to supplement the record are **DENIED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk