252 F.3d 118 (2nd Cir. 2001)
 UNITED STATES, PLAINTIFF,
SURENDER DHAWAN & DENNIS GOWIE, APPEARING QUI TAM ON BEHALF OF THE UNITED STATES OF AMERICA, PLAINTIFFS-APPELLANTS,
v.
NEW YORK MEDICAL COLLEGE, DEFENDANT-APPELLEE,
NEW YORK CITY HEALTH & HOSPITALS CORPORATION, COLUMBIA UNIVERSITY, THE COLLEGE OF PHYSICIANS AND SURGEONS, NEW YORK UNIVERSITY MEDICAL CENTER & THE MONTEFIORE MEDICAL CENTER, DEFENDANTS.
 Docket No. 00-6353
August Term, 2001
 UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
 Argued: March 15, 2001
Decided May 31, 2001
 
 Appeal from a judgment of the United States District Court for the Southern District of New York (Lawrence M. McKenna, Judge) dismissing with prejudice plaintiffs-appellants' amended complaint for lack of subject matter jurisdiction under the False Claims Act, 31 U.S.C. § 3730(e)(4) and Federal Rule of Civil Procedure 12(b)(1).
 Affirmed.
 Henry L. Saurborn, Jr., Kaiser Saurborn & Mair, P.C., New York, N.Y. (David N. Mair and Daniel J. Kaiser, on the brief), for Plaintiffs-Appellants.
 Neil Merkl, Kelley Drye & Warren LLP, New York, N.Y. (Sarah L. Reid and Eric B. Post, on the brief), for Defendant-Appellee.
 Before: Feinberg, Oakes, and Sotomayor, Circuit Judges.
 
 Per Curiam
 
 1
 Plaintiffs-appellants Surender Dhawan and Dennis Gowie, appearing qui tam on behalf of the United States ("plaintiffs"), appeal from a judgment of the United States District Court for the Southern District of New York (Lawrence M. McKenna, Judge) dismissing with prejudice their amended complaint - alleging, inter alia, that defendant-appellee New York Medical College ("NYMC") committed violations of the False Claims Act, 31 U.S.C. § et seq. - for lack of subject matter jurisdiction under 31 U.S.C. § 3730(e)(4) and Federal Rule of Civil Procedure 12(b)(1). See United States v. New York City Health and Hosp. Corp., No. 95 Civ. 7649, 2000 WL 1610802 (S.D.N.Y. Oct. 27, 2000). Agreeing with the district court's determination that plaintiffs have failed sufficiently to allege that they were an "original source" of the information upon which their qui tam complaint is based, as required by 31 U.S.C. § 3730(e)(4)(A), we affirm the judgment of the district court.
 
 BACKGROUND
 
 2
 The following facts are drawn from the amended complaint. Plaintiffs Dennis Gowie and Surender Dhawan are, respectively, the former Executive Director and the former Deputy Executive Director and Chief Financial Officer of Metropolitan Hospital Center ("MHC"), a New York City hospital owned and operated by defendant New York City Health & Hospitals Corporation ("HHC'), a New York public benefit corporation. NYMC is a private medical school with its principle place of business in New York. HHC annually entered into an Affiliation Agreement (the "Agreement") with NYMC to provide physician services and staffing of clinical support at MHC. Under the terms of the Agreement, NYMC was obligated to provide specified numbers of physician and support staff hours each week. In return, NYMC received a fee based on NYMC's representation of costs, less the amount paid by Medicare/Medicaid.
 
 
 3
 Plaintiffs maintain that they repeatedly complained to HHC's management about the level of services being provided by NYMC in comparison to the amount of money being billed, and that, ultimately, they requested an audit of the services provided by NYMC under the Agreement. In April 1993, HHC initiated an audit, resulting in a draft report concluding that NYMC had overcharged HHC by over $2 million. The audit was thereafter expanded and the final audit report reached substantially the same conclusions as the draft report.
 
 
 4
 HHC terminated plaintiffs on June 29, 1993, allegedly because of their complaints concerning the level of service NYMC was providing and the amount of funding NYMC was requesting. Following their termination, plaintiffs sued, among others, HHC and NYMC in New York Supreme Court. The amended complaint in the state court action set forth many of the same allegations in this action. The state court action was settled in July of 1998.
 
 
 5
 Plaintiffs commenced this qui tam action on September 1, 1995. The gravamen of their amended complaint is that NYMC and the other four defendants engaged in massive Medicare/Medicaid fraud against the federal government by obtaining payments for services and treatments that were never provided.
 
 
 6
 On October 27, 2000, the district court granted NYMC's motion to dismiss the amended complaint for lack of subject matter jurisdiction pursuant to 31 U.S.C. § 3730(e)(4) and Federal Rule of Civil Procedure 12(b)(1).[1] Plaintiffs thereafter timely appealed.
 
 DISCUSSION
 
 7
 We review de novo the district court's Fed R. Civ. P. 12(b)(1) dismissal of the complaint against the United States. See Jaghory v. N.Y. State Dep't of Educ., 131 F.3d 326, 329 (2d Cir. 1997).
 
 
 8
 Under the False Claims Act, a private party may maintain a qui tam action based on publicly disclosed allegations of fraud or fraudulent transactions only if the party qualifies as "an original source of th[is] information." 31 U.S.C. § 3730(e)(4)(A). To qualify as an "original source," a qui tam plaintiff must have (1) had direct and independent knowledge of the information on which the allegations are based, (2) voluntarily provided such information to the government prior to filing suit, and (3) directly or indirectly been a source to the entity that publicly disclosed the allegations on which the suit is based. Id. § 3730(e)(4)(B); United States ex rel. Dick v. Long Island Lighting Co., 912 F.2d 13, 16 (2d Cir. 1990); see also United States ex rel. Kreindler & Kreindler v. United Techs. Corp., 985 F.2d 1148, 1159 (2d Cir. 1993).
 
 
 9
 The district court concluded that plaintiffs failed to satisfy the first and third requirements. New York City Health & Hospital Corp., 2000 WL 1610802, at *4-*5. We agree that plaintiffs do not sufficiently allege that they had direct and independent knowledge of the information upon which they based their amended complaint.[2]
 
 
 10
 In Kreindler, we held that a qui tam plaintiff does not satisfy the first requirement if a third party is "the source of the core information" upon which the qui tam complaint is based. 985 F.2d at 1159; see also Gold v. Morrison Knudsen Co., 68 F.3d 1475, 1477 (2d Cir. 1995) (reading Kreindler as holding that the False Claims Act "bars any claim where a third party is the core source of information underlying that claim"); accord United States ex rel. Hafter v. Spectrum Emergency Care, Inc., 190 F.3d 1156, 1163 (10th Cir. 1999) (finding no direct and independent knowledge because, inter alia, "most of the core information contained in the [qui tam] complaint came from [third party's] independent research and investigation and not from [qui tam plaintiff]"); cf. Devlin v. California, 84 F.3d 358, 361 (9th Cir. 1996) (finding that qui tam plaintiffs did not satisfy "direct and independent knowledge" requirement because, inter alia, they did not "obtain their knowledge of [the fraud] through their own labor unmediated by anything else"); United States ex rel. Stinson, Lyons, Gerlin & Bustamante, P.A. v. Prudential Ins. Co., 944 F.2d 1149, 1160 (3d Cir. 1991) (finding no direct knowledge where qui tam plaintiff's knowledge of the fraud was not "marked by absence of an intervening agency, instrumentality, or influence") (internal quotation marks omitted).
 
 
 11
 As the amended complaint clearly evinces, the "source of the core information" underlying plaintiffs' allegations of fraud is the two audits conducted by HHC. [JA 56-60] In their appellate briefs, plaintiffs notably do not deny this fact. Indeed, plaintiffs' contentions with respect to the "direct and independent knowledge" requirement essentially confirm that they were not the source of the core information. Plaintiffs contend that, prior to the audits, (1) they discovered that NYMC was failing to provide the level of services required by the Agreement; and that, on the basis of this discovery, (2) plaintiffs requested that HHC perform an audit for the purpose of confirming and quantifying this discovery. Plaintiffs' amended complaint relies overwhelmingly on the "confirmed" and "quantified" findings of HHC's two audits, rather than on plaintiffs' own "unconfirmed" and "unquantified" suspicions of fraud.[3]
 
 
 12
 Plaintiffs also contend that they had direct and independent knowledge because "they were themselves the parties who publicly disclosed the information by filing a state-court lawsuit." Publicly disclosing the information upon which a qui tam suit is based, however, is clearly different than being an original source of that information. See Kreindler, 985 F.2d at 1159 (finding that qui tam plaintiff was not original source of information despite fact that he "conducted... the litigation that resulted in public disclosure of [the] information").
 
 
 13
 We hold, therefore, that plaintiffs failed sufficiently to allege that they were an "original source" of the information upon which their amended complaint is based.
 
 
 14
 Although we do not therefore reach the question of whether plaintiffs sufficiently alleged that they directly or indirectly had been a source to the entity that publicly disclosed the allegations on which their suit is based, we note that, in its discussion of this third "original source" element, the district court appeared to assume that HHC was the entity that publicly disclosed the pertinent information. New York City Health & Hospital Corp., 2000 WL 1610802, at *5. This assumption is inconsistent with the district court's earlier determination that plaintiffs themselves had publicly disclosed the fraud in their state court action against defendants. Id. at *4.
 
 CONCLUSION
 
 15
 We have carefully considered plaintiffs' remaining arguments and find them to be without merit. For the reasons discussed, the judgment of the district court dismissing the amended complaint for lack of subject matter jurisdiction is hereby affirmed.
 
 
 
 NOTES:
 
 
 [1]
 The district court also granted HHC's motion to dismiss pursuant to Rule 12(b)(6), and granted the respective motions to dismiss pursuant to Federal Rule of Civil Procedure 9(b) that had been brought by defendants Columbia University (The College of Physicians and Surgeons), New York University Medical Center, and Montefiore Medical Center.
 
 
 [2]
 We therefore do not reach the question whether plaintiffs also failed to satisfy the third requirement.
 
 
 [3]
 In their appellate briefs, plaintiffs contend that HHC undertook the first audit because plaintiffs requested such an audit. This contention is unavailing for two reasons. First, plaintiffs notably do not make this allegation in the amended complaint. There, they allege only that they requested an audit in January 1993 and that HHC initiated an audit in April 1993. Second, even if plaintiffs had alleged that HHC would not have undertaken the audit but for plaintiffs' request for an audit, this allegation would not suffice to show that they were the source of the core information. See Hafter, 190 F.3d at 1163 (holding that, where "most of the core information contained in the [qui tam] complaint came from [third party's] independent research and investigation," plaintiff's allegation that he "provided the initial impetus for [the third party's] investigation" did not satisfy the "direct and independent knowledge" requirement); United States ex rel. Fine v. MK-Ferguson Co., 99 F.3d 1538, 1547-48 (10th Cir. 1996) (finding no direct and independent knowledge by qui tam plaintiff who alleged that he instigated and directed the scope of audit that publicly disclosed fraud because, inter alia, he did not "actually perform[]" the audit).