09-1678-cv
Kirk v. Schindler Elevator Corp.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of July, two thousand eleven.

Present:
 JOSEPH M. McLAUGHLIN,
 ROBERT A. KATZMANN,
 GERARD E. LYNCH,
  *Circuit Judges*.

_____

UNITED STATES OF AMERICA ex rel. DANIEL KIRK,

 *Plaintiff-Appellant*,

 v.                                                    No. 09-1678-cv

SCHINDLER ELEVATOR CORPORATION,

 *Defendant-Appellee*.

_____

For Plaintiff-Appellant:          Jonathan A. Willens, New York, N.Y.

For Defendant-Appellee:        Steven Alan Reiss, Weil, Gotshal & Manges LLP, New York, N.Y.

On remand from the Supreme Court of the United States.

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED** in part and **VACATED** in part, and the case is **REMANDED** for further proceedings.

This case comes to us on remand from the Supreme Court. We presume the parties' familiarity with the facts and procedural history, which we recount only to the extent necessary to explain our decision.

In March 2005, Plaintiff-Appellant Daniel Kirk filed this action under the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.*, alleging that his former employer, Defendant-Appellee Schindler Elevator Corporation ("Schindler"), obtained government contracts while falsely representing that it had filed with the Secretary of Labor certain reports providing accurate information about the number of veterans employed by the contractor (the "VETS-100 reports"), as required by the Vietnam Era Veterans' Readjustment Assistance Act of 1972 ("VEVRAA"), 38 U.S.C. § 4212, and regulations promulgated thereunder. Prior to initiating this lawsuit, Kirk had gathered information about Schindler's filing of VETS-100 reports by way of requests that his wife submitted to the Department of Labor ("DOL") pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. In his complaint, Kirk alleged that Schindler had obtained government contracts that were conditional on the proper filing of VETS-100 reports when it in fact had either failed to file a report or filed a false report for the relevant years.

Schindler moved to dismiss Kirk's complaint on multiple grounds. The district court granted the motion, concluding, *inter alia*, that (1) Kirk failed to state valid claims under the FCA arising from Schindler's filing of certain VETS-100 reports that allegedly contained false

2

information (the "false reports claims"), and (2) Kirk's claims arising from Schindler's alleged failure to file VETS-100 reports for certain other years (the "failure-to-file claims") were precluded by the jurisdictional limitations set forth in 31 U.S.C. § 3730(e)(4)(A), which we refer to as the FCA's "public disclosure bar." *See United States ex rel. Kirk v. Schindler Elevator Corp. (Kirk I)*, 606 F. Supp. 2d 448 (S.D.N.Y. 2009). On appeal, we vacated those rulings. We held that materials produced in response to FOIA requests were not "administrative . . . report[s] . . . or investigation[s]" subject to the public disclosure bar and that the false reports claims were validly pleaded under the FCA. *United States ex rel. Kirk v. Schindler Elevator Corp. (Kirk II)*, 601 F.3d 94, 117 (2d Cir. 2010).

Schindler then petitioned the Supreme Court for a writ of certiorari. That petition was granted. In May 2011, the Supreme Court issued an opinion holding that the DOL's responses to FOIA requests indeed represented "report[s]" within the meaning of the public disclosure bar, and remanded for further proceedings. *Schindler Elevator Corp. v. United States ex rel. Kirk (Kirk III)*, 131 S. Ct. 1885, 1889-90, 1896 (2011). At our invitation, the parties submitted letter briefs addressing the proper disposition of this case in light of the Supreme Court's decision.

We review *de novo* the dismissal of Kirk's claims for lack of subject matter jurisdiction under the FCA. *See, e.g.*, *United States ex rel. Dhawan v. N.Y. Med. Coll.*, 252 F.3d 118, 120 (2d Cir. 2001) (per curiam).

At times relevant to this action, the FCA's public disclosure bar provided:

No court shall have jurisdiction over an action under this section based upon the public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, in a congressional, administrative, or Government Accounting Office report, hearing, audit, or investigation, or from the news media, unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.

3

31 U.S.C. § 3730(e)(4)(A) (2006) (footnote omitted). We previously concluded that the information produced in response to FOIA requests is "publicly disclosed," *Kirk II*, 601 F.3d at 104, and the Supreme Court has since held that the DOL's written responses to the FOIA requests are "report[s]" for purposes of the public disclosure bar, *Kirk III*, 131 S. Ct. at 1889. However, our prior decision did not reach the issues of (1) whether the DOL's FOIA responses indicating that reports were not found for certain years disclosed "allegations or transactions," (2) whether Kirk's failure-to-file claims were "based upon" any such disclosed "allegations or transactions," or (3) whether Kirk qualifies as an "original source" of the relevant information underlying the failure-to-file claims. *See Kirk II*, 601 F.3d at 111 n.10. For the following reasons, we conclude that Kirk's failure-to-file claims were "based upon" the "allegations or transactions" disclosed in the FOIA responses and that Kirk does not qualify as an "original source."

First, we agree with Schindler that the relevant FOIA responses, which indicated that VETS-100 reports for certain years were not found, disclosed "allegations or transactions" within the meaning of the public disclosure bar. The Supreme Court has noted the expansiveness of this statutory phrase, in that "Congress covered not only the disclosure of 'allegations' but also 'transactions,' a term that courts have recognized as having a broad meaning." *Kirk III*, 131 S. Ct. at 1891. While this court has not previously had occasion to expound on the meaning of the word "transaction[]" in this context, decisions from our sister circuits have construed the term to refer to the public exposure of all critical or material elements of the allegedly fraudulent transaction. *See Kirk II*, 601 F.3d at 103 (citing cases).

Here, the FOIA responses, together with other information in the public domain, disclosed all the essential elements of the alleged fraud relating to Schindler's failure to file

4

certain VETS-100 reports. As the district court put it, the "critical elements" of Kirk's claim in this regard are that: "(1) Schindler obtained contracts (2) requiring an express certification pursuant to 48 C.F.R. § 52.222-38 that Schindler had filed VETS-100 reports, and (3) Schindler had not actually filed those reports." *Kirk I*, 606 F. Supp. 2d at 462-63. The first two elements clearly were in the public domain, as demonstrated by (1) Kirk's ability to obtain a list of Schindler's contracts from the Department of Veterans Affairs website and (2) the existence of a DOL regulation providing that an offeror's submission of a bid certifies compliance with the required filing of the offeror's most recent VETS-100 report, *see* 48 C.F.R. § 52.222-38. Kirk's allegations relating to the third element — that Schindler fraudulently failed to file VETS-100 reports for the years in question — indisputably derive from the DOL's FOIA responses indicating that reports were not found. While Kirk is correct that the FOIA responses do not definitively state that the reports were not in fact filed and do not address Schindler's state of mind in respect of any such non-filing, it is sufficient for the public disclosure bar that the disclosed transaction "creates an inference of impropriety." *United States ex rel. Burns v. A.D. Roe Co.*, 186 F.3d 717, 724 (6th Cir. 1999) (internal quotation marks omitted). The disclosure that certain VETS-100 reports were not found by the DOL certainly gives rise to an inference that Schindler knowingly failed to file the required reports. Indeed, as Kirk lacked independent knowledge of Schindler's practices with respect to the filing of such reports, this disclosure was essential to Kirk's failure-to-file claims. In these circumstances, we hold that there was public disclosure of the alleged fraudulent "transactions."

Second, we conclude that Kirk's failure-to-file claims were "based upon" the relevant publicly disclosed information. We have previously interpreted this phrase to mean that the public disclosure bar applies to claims "based *in any part* upon publicly disclosed allegations or

5

transactions." *United States ex rel. Kreindler & Kreindler v. United Techs. Corp.*, 985 F.2d 1148, 1158 (2d Cir. 1993) (emphasis added) (internal quotation marks omitted).  Here, the FOIA responses provided the only evidence available to Kirk to substantiate his suspicion that Schindler failed to file VETS-100 reports for some of the years in question.  Because the failure-to-file claims were founded at least in substantial part on those FOIA responses, these claims were "based upon" publicly disclosed allegations or transactions.

Third, we hold that Kirk has failed to establish that he qualifies for the "original source" exception to the public disclosure bar.  At times relevant to this lawsuit, the FCA defined "original source" to mean "an individual who has direct and independent knowledge of the information on which the allegations are based and has voluntarily provided the information to the Government before filing an action under this section which is based on the information."  31 U.S.C. § 3730(e)(4)(B) (2006).  The Supreme Court has clarified that the "information" referred to in the original source exception "is the information upon which the *relator['s]* allegations are based."  *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 470-71 (2007) (emphasis added); *see also Dhawan*, 252 F.3d at 121 (noting that a *qui tam* plaintiff cannot qualify as an "original source" "if a third party is 'the source of the core information' upon which the *qui tam* complaint is based" (quoting *Kreindler*, 985 F.2d at 1159)).  In our view, the "core information" underlying the failure-to-file allegations came from the FOIA responses indicating that reports were not found for certain years.  Regardless of Kirk's prior knowledge of and suspicions about other aspects of Schindler's contracting practices and its compliance with the VEVRAA and applicable regulations, he lacked direct and independent knowledge of Schindler's failure to file certain reports.  Accordingly, he cannot qualify as an "original source" with respect to those allegations.  *See Rockwell*, 549 U.S. at 476.

Finally, we adhere to our prior decision insofar as it vacated the district court's dismissal of the false reports claims. *See Kirk II*, 601 F.3d at 117. Schindler does not contend that the public disclosure bar applies to these claims. This concession does not relieve us of our independent obligation to inquire into the existence of subject matter jurisdiction, *see Rockwell*, 549 U.S. at 467-70, and we conclude that the false reports claims do not run afoul of the jurisdictional limitations of § 3730(e)(4)(A). The false reports claims, unlike the failure-to-file claims, are premised on alleged facts that were not publicly disclosed, such as Kirk's personal knowledge of covered veteran employees who should have been counted and of Schindler's lack of procedures for counting such employees. Because these critical elements of the false reports claims were not in the public domain, there was no public disclosure of the "allegations or transactions" underlying these aspects of Schindler's alleged fraud.

Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED** in part and **VACATED** in part, and the case is **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

7